MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
HONORIO CANDIA LIBRADO, JOEL
GARCIA VALENTE, and JOSE LUIS
BASURTO MILAN, *individually and on*
*behalf of others similarly situated,*

                              *Plaintiffs*,

                  -against-

D & D THAI RESTAURANT CORP.  (D/B/A
LAND THAI KITCHEN) and DAVID NOI
BANK,

                        *Defendants.*

-----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b) AND RULE 23**
**CLASS ACTION**
**ECF Case**

       Plaintiffs Honorio Candia Librado, Joel Garcia Valente, and Jose Luis Basurto Milan,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against D & D Thai Restaurant Corp. (d/b/a Land Thai Kitchen), ("Defendant Corporation") and

David Noi Bank, ("Individual Defendant"), (collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

       1.      Plaintiffs are former employees of Defendants D & D Thai Restaurant Corp. (d/b/a

Land Thai Kitchen) and David Noi Bank.

       2.      Defendants own, operate, or control a Thai restaurant, located at 450 Amsterdam

Avenue, New York, New York 10024 under the name "Land Thai Kitchen".

3.      Upon information and belief, individual Defendant David Noi Bank, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employees of Defendants.

5.      Plaintiffs were employed as delivery workers, a busboy, a food preparer and a cook at the restaurant located at 450 Amsterdam Avenue, New York, New York 10024.

6.      Plaintiffs Librado and Valente were ostensibly employed as tipped workers. However, they were required to spend a considerable part of their work day performing non-tipped duties, including but not limited to taking out the trash, cleaning tables, the stairs, the windows, the kitchen, and the bathrooms, sweeping and mopping, bringing products from the basement to the kitchen, cutting meats and vegetables, preparing food, dishwashing, and bringing sodas to the 2nd floor, hereafter the ("non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

8.      Rather, Defendants failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Defendants employed and accounted for Plaintiffs Librado and Valente as tipped workers in their payroll, but in actuality their duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because these Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11. Upon information and belief, Defendants employed the policy and practice of disguising these Plaintiffs' actual duties in payroll records by designating them as tipped workers and instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay them at or below the tip-credit rate.

12. In addition, Defendants maintained a policy and practice of unlawfully appropriating these Plaintiffs' and other tipped employees' tips and made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

13. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16. Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Thai restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES
### *Plaintiffs*

19.     Plaintiff Honorio Candia Librado ("Plaintiff Librado" or "Mr. Librado") is an adult individual residing in New York County, New York.

20.     Plaintiff Librado was employed by Defendants at Land Thai Kitchen from approximately 2005 until on or about February 10, 2018.

21.     Plaintiff Joel Garcia Valente ("Plaintiff Valente" or "Mr. Valente") is an adult individual residing in New York County, New York.

22.     Plaintiff Valente was employed by Defendants at Land Thai Kitchen from approximately 2008 until on or about February 10, 2018.

23.     Plaintiff Jose Luis Basurto Milan ("Plaintiff Basurto" or "Mr. Basurto") is an adult individual residing in New York County, New York.

24.     Plaintiff Basurto was employed by Defendants at Land Thai Kitchen from approximately December 2016 until on or about February 10, 2018.

*Defendants*

25.     At all relevant times, Defendants own, operate, or control a Thai restaurant, located at 450 Amsterdam Avenue, New York, New York 10024 under the name "Land Thai Kitchen".

26.     Upon information and belief, D & D Thai Restaurant Corp. (d/b/a Land Thai Kitchen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 450 Amsterdam Avenue, New York, New York 10024.

27.     Defendant David Noi Bank is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Noi Bank is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant David Noi Bank possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate a Thai restaurant located in the Upper West Side section of Manhattan in New York City.

29.     Individual Defendant, David Noi Bank, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

30.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

32.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

34.    Upon information and belief, Individual Defendant David Noi Bank operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)   intermingling assets and debts of his own with Defendant Corporation,

g)   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

36.     In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

38.     Plaintiffs are former employees of Defendants who were employed as delivery workers, a busboy, a food preparer and a cook. However, the tipped workers spent over 20% of each shift performing the non-tipped duties described above. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Honorio Candia Librado*

39.     Plaintiff Librado was employed by Defendants from approximately 2005 until on or about February 10, 2018.

40.     At all relevant times, Defendants ostensibly employed Plaintiff Librado as a busboy and delivery worker. However, Plaintiff Librado spent over 20% of each work day performing the non-delivery, non-tip duties outlined above.

41.     Plaintiff Librado regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.     Plaintiff Librado's work duties required neither discretion nor independent judgment.

43.     From approximately February 2012 until on or about December 2015, Plaintiff Librado regularly worked in excess of 40 hours per week.

44.     From approximately February 2012 until on or about December 2015, Plaintiff Librado worked as a busboy and delivery worker from approximately 12:00 p.m. until on or about 8:30 p.m., four days a week and from approximately 12:00 p.m. until on or about 8:40 p.m., two days a week (typically 51.3 hours hours per week).

45.     From approximately January 2016 until on or about February 10, 2018, Plaintiff Librado worked from approximately 12:00 p.m. until on or about 8:30 p.m., four days a week and from approximately 5:00 p.m. until on or about 11:00 p.m., one day a week (typically 40 hours per week).

46.     Throughout his entire employment, Defendants paid Plaintiff Librado his wages by check.

47.     From approximately February 2012 until on or about December 2013, Defendants paid Plaintiff Librado $7.25 per hour.

48.     From approximately January 2014 until on or about December 2014, Defendants paid Plaintiff Librado $8.00 per hour.

49.     From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Librado $8.75 per hour.

50.     From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Librado $9.00 per hour.

51.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Librado $11.00 per hour.

52.     From approximately January 2018 until on or about February 2018, Defendants paid Plaintiff Librado $13.00 per hour.

53.     Plaintiff Librado's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

54.     For example, Defendants required Plaintiff Librado to work an additional 10 minutes past his scheduled departure time two days a week, and did not pay him for the additional time he worked.

55.     Plaintiff Librado was never notified by Defendants that his tips were being included as an offset for wages.

56.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Librado's wages.

57.     Defendants withheld a portion of Plaintiff Librado's tips; specifically, Defendants pocketed 15% of his tips.

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Librado regarding overtime and wages under the FLSA and NYLL.

59.     Defendants did not provide Plaintiff Librado an accurate statement of wages, as required by NYLL 195(3).

60.     Defendants did not give any notice to Plaintiff Librado, in English and in Spanish (Plaintiff Librado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Librado to purchase "tools of the trade" with his own funds—including five bicycles, fifteen pairs of lights, bike maintenance, six locks and chains, seven helmets, three pairs of pants, six raincoats, seven pairs of shoes, and nine vests.

*Plaintiff Joel Garcia Valente*

62.     Plaintiff Valente was employed by Defendants from approximately 2008 until on or about February 10, 2018.

63.     Defendants ostensibly employed Plaintiff Valente as a delivery worker and a food preparer.

64.     However, Plaintiff Valente was also required to spend a significant portion of his work day performing the non-tipped duties described above.

65.     Although Plaintiff Valente ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

66.     Plaintiff Valente regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

67.     Plaintiff Valente's work duties required neither discretion nor independent judgment.

68.     Throughout his employment with Defendants, Plaintiff Valente regularly worked in excess of 40 hours per week.

69.     From approximately February 2012 until on or about December 2015, Plaintiff Valente worked as a food preparer and delivery worker from approximately 5:00 p.m. until on or about 12:30 a.m., six days a week (typically 45 hours per week).

70.    From approximately January 2016 until on or about December 2016, Plaintiff Valente worked as a food preparer and delivery worker from approximately 5:00 p.m. until on or about 11:30 p.m., six days a week (typically 39 hours per week).

71.    From approximately January 2017 until on or about December 2017, Plaintiff Valente worked as a food preparer and delivery worker from approximately 5:00 p.m. until on or about 11:30 p.m., five days a week (typically 32.5 hours per week).

72.    From approximately January 2018 until on or about February 10, 2018, Plaintiff Valente worked from approximately 6:00 p.m. until on or about 11:00 p.m., five days a week (typically 27.5 hours per week).

73.    Throughout his entire employment, Defendants paid Plaintiff Valente his wages in cash.

74.    From approximately January 2012 until on or about December 2015, Defendants paid Plaintiff Valente a fixed salary of $260 per week.

75.    From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Valente $9.00 per hour.

76.    From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Valente $11.00 per hour.

77.    From approximately January 2018 until on or about February 10, 2018, Defendants paid Plaintiff Valente $13.00 per hour.

78.    Plaintiff Valente's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

79.    For example, Defendants required Plaintiff Valente to work an additional 30 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

80.     Defendants never granted Plaintiff Valente any breaks or meal periods of any kind.

81.     Plaintiff Valente was never notified by Defendants that his tips were being included as an offset for wages.

82.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Valente's wages.

83.     Defendants withheld a portion of Plaintiff Valente's tips; specifically, Defendants pocketed 15% of his tips.

84.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Valente regarding overtime and wages under the FLSA and NYLL.

85.     Defendants did not provide Plaintiff Valente an accurate statement of wages, as required by NYLL 195(3).

86.     Defendants did not give any notice to Plaintiff Valente, in English and in Spanish (Plaintiff Valente's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

87.     Defendants required Plaintiff Valente to purchase "tools of the trade" with his own funds—including four bicycles, four helmets, seven vests, five raincoats, eight sets of lights, four sets of locks and chains, seven impermeable pants, six pairs of rain boots, and bike maintenance every month.

*Plaintiff Jose Luis Basurto Milan*

88.     Plaintiff Basurto was employed by Defendants from approximately December 2016 until on or about February 10, 2018.

89.     Defendants employed Plaintiff Basurto as a cook.

90.    Plaintiff Basurto regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

91.    Plaintiff Basurto's work duties required neither discretion nor independent judgment.

92.    Throughout his employment with Defendants, Plaintiff Basurto regularly worked in excess of 40 hours per week.

93.    From approximately December 2016 until on or about January 31, 2018, Plaintiff Basurto worked as a cook from approximately 1:00 p.m. until on or about 10:00 p.m., five days a week (typically 45 hours per week).

94.    From approximately February 1, 2018 until on or about February 10, 2018, Plaintiff Basurto worked as a cook from approximately 2:00 p.m. until on or about 10:00 p.m., five days a week (typically 40 hours per week).

95.    Throughout his entire employment, Defendants paid Plaintiff Basurto his wages by check.

96.    From approximately December 2016 until on or about January 31, 2018, Defendants paid Plaintiff Basurto $9.00 per hour.

97.    From approximately February 1, 2018 until on or about February 10, 2018, Defendants paid Plaintiff Basurto $13.50 per hour.

98.    Defendants never granted Plaintiff Basurto any breaks or meal periods of any kind.

99.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Basurto regarding overtime and wages under the FLSA and NYLL.

100.    Defendants did not provide Plaintiff Basurto an accurate statement of wages, as required by NYLL 195(3).

101.     Defendants did not give any notice to Plaintiff Basurto, in English and in Spanish (Plaintiff Basurto's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

102.     Defendants required Plaintiff Basurto to purchase "tools of the trade" with his own funds—including two pairs of non-slip boots.

*Defendants' General Employment Practices*

103.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

104.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

105.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

106.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

107.     Defendants required Plaintiffs Librado and Valente and all delivery workers and busboys to perform general non-tipped tasks in addition to their primary duties as delivery workers and busboys. These Plaintiffs and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

108.    These Plaintiffs and all other tipped workers were paid at a rate that was at the tip-credited rate by Defendants.

109.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and these Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

110.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

111.    The delivery workers and the busboys' duties were not incidental to their occupation as tipped workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

112.    In violation of federal and state law as codified above, Defendants classified these Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

113.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

114.    Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

115.    Defendants failed to maintain a record of tips earned by Plaintiffs who worked as delivery workers and busboys and for the tips they received.

116.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers and busboys of a portion of the tips earned during the course of employment.

117.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

118.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

119.    Plaintiffs Librado and Basurto were paid their wages by check while Plaintiff Valente was paid his wages in cash.

120.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

121.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

122.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

123.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

124.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

125.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

126.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

127.     At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

128.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

129.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

130.     Plaintiffs bring their New York Labor Law minimum wage, overtime, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

131.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

132.     There are questions of law and fact common to the Class including:

   a)  What proof of hours worked is sufficient where Defendants fail in their duty to
       maintain time records;

b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d) Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e) Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

133.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

134.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

135.    The common questions of law and fact predominate over questions affecting only individual members.

136.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

137.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

138.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

139.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

140.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

141.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

142.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate.

143.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

144.     Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

145.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

146.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

147.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

148.     Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

149.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

150.     At all times relevant to this action, Defendants were Plaintiffs' (and the FLSA and Rule 23 class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

151.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 class members)less than the minimum wage.

152.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members') the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

153.    Plaintiffs (and the FLSA and Rule 23 class members) () were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

154.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

155.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs(and the FLSA and Rule 23 class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

156.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

157.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

158.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

159.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

160.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

161.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

162.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

163.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

164.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

165.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs,

further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

166.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION**
**OF THE NEW YORK LABOR LAW**

167.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

168.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

169.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

170.    Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

171.    Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

172.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and members' of the FLSA and Rule 23 Class) compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f)     Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and members of the FLSA and Rule 23 Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and members of the FLSA and Rule 23 Class;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and members of the FLSA and Rule 23 Class compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and members of the FLSA and Rule 23 Class;

(l)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(m)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiffs and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       February 12, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 2, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Honorio Candia Librado

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    2 de Febrero 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                        Facsimile: (212) 317-1620

————

Faillace@employmentcompliance.com

January 31, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                    Joel Garcia Valente

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      31 de enero 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 7, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                              Domingo A. Cabrera Pichardo

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                              07 de febrero de 2018