## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") entered into by and between Honorio Candia Librado, Joel Garcia Valente, and Jose Luis Basurto Milan ("Plaintiffs"), on the one hand, and D & D Thai Restaurant Corp. (d/b/a Land Thai Kitchen), and all of its predecessors and successors, and David Noi Bank (collectively the, "Defendants" and together with Plaintiffs, the "Parties"), on the other hand.

### W I T N E S S E T H:

**WHEREAS,** on or about February 12, 2018, Plaintiffs commenced a lawsuit against Defendants in the United States District Court for the Southern District of New York (the, "Court"), Civil Action Number 18-cv-1214-ALC (the, "Lawsuit"); and

**WHEREAS,** Plaintiffs and Defendants (collectively the, "Parties") now desire to resolve all claims, disputes and causes of action which Plaintiffs, their heirs, executors, administrators and assigns had, have or may have alleged in the Lawsuit against Defendants;

**NOW, THEREFORE,** in consideration of the mutual covenants and other good and valuable consideration contained herein, the Parties hereby agree as follows:

1. In exchange for the promises contained in this Agreement, Defendants shall pay Plaintiffs the sum of TWENTY-EIGHT THOUSAND ($28,000.00) AND 00/XX DOLLARS (the, "Settlement Payment") to be paid within 30 days of Court approval of the Agreement and receipt by the Defendants' attorney of a duly executed IRS W-9 Form from Plaintiff's Counsel which shall be provided to the Defendants' attorney upon Court approval of the Agreement, as follows:

(a) One check payable to "Michael Faillace & Associates, P.C. as attorneys for PlaintiffS" in the amount of $28,000.00, for which Defendants will issue an IRS Form 1099 (the "Settlement Check");

(b) The Settlement Check will be sent to Plaintiffs' attorney, Sara Isaacson, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165, within thirty (30) days of the Court's approval of the Agreement.

(c) Although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff and/or any Defendants are liable for any failure to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to indemnify, defend, and hold Defendants harmless for any such liability.

(d) The Settlement Payment is not for any wage claims, but represents the settlement of the Plaintiffs' wage notice and statement claims, their tools of the trade claim and their attorneys' fee claim.

2. The consideration set forth in Paragraph 1 hereof is in complete settlement of any and all demands or claims which Plaintiff asserted in the Lawsuit against Defendants, including attorney fees. Plaintiff hereby specifically acknowledges that this Agreement, and the Settlement Payment received by Plaintiff and referenced herein, is a fair and reasonable resolution of a bona fide dispute over the provisions of the Fair Labor

Standards Act, the New York Labor Law, and the New York City Administrative Code for wages paid, time worked and/or other related wage claims.

3. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs agree to dismiss with prejudice, or cause to be dismissed with prejudice, the Lawsuit. Plaintiffs and Defendants expressly authorize their respective Counsel to execute an Order of Dismissal with Prejudice annexed hereto as "Exhibit A" (the "Order"), and to file the Order within seven (7) days of receipt of the Settlement Payment, and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit with prejudice. The Court shall nevertheless retain jurisdiction over this matter to enforce the terms of this Agreement. Should the Court not approve the Order, the Parties agree that this Agreement shall be void and of no further effect, and any and all payments made pursuant to this Agreement shall be promptly returned, and they further agree that they will have forfeited no rights.

4. In consideration of the Settlement Payment referred to in Paragraph 1 hereof, Plaintiffs for themselves and their heirs, successors and assigns, hereby promise and represent that, other than the aforesaid Lawsuit, they have not, and shall not, commence any administrative or judicial lawsuit or proceeding seeking unpaid minimum wages, overtime, or other wage claims as alleged in the Lawsuit, against Defendants, or its subsidiaries, affiliates, officers, trustees, board members and directors, (whether in their individual or representative capacity) partners, insurers, attorneys, principals, supervisors, employees, agents, members, associates, or representatives, in their individual or official capacities (hereinafter collectively referred to as "Releasees"), and Plaintiffs hereby release and discharge Releasees from, and holds them harmless against, any and all such

claims, causes of action, obligations or liabilities for unpaid minimum wages, overtime and any other wage claims which she now has relating to, or arising under, any federal, state, or local statute or regulation including the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, New York Labor Law ("NYLL") §§ 650, *et seq.*, and Part 141 of Title 12 of the Official Compilation of Codes, Rules and Regulations of New York State, promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law). This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and its does not release or discharge any claims that may occur after that date. In the event Plaintiffs voluntarily or knowingly institute, or become a party to, or are members of a class that institutes any such action, their claims shall be dismissed, or class membership terminated immediately upon presentation of this Agreement, and they shall reimburse Releasees for all legal fees and expenses incurred in defending such claims instituted by Plaintiffs or with their consent or ratification, and in obtaining dismissal thereof.

5. The Parties recognize and agree that the making of this Agreement is not intended to and does not constitute or imply, nor shall it be construed as, an admission of (i) liability or wrongdoing by Defendants and/or Releasees, or (ii) any violation of any federal, state or local statute, regulation or ordinance, or of any other right of Plaintiffs, upon any legal or equitable theory, whether contractual, common-law, statutory or otherwise.

6. Plaintiffs have entered into the Agreement under their own free will and volition, upon consultation with their attorney.

7. This Agreement sets forth the entire agreement between the Parties with respect to its subject matter and fully supersedes any and all prior agreements or understandings, if any, between them pertaining to its subject matter.

8. The provisions of this Agreement are severable. If any of its terms are deemed unenforceable, the remaining provisions shall remain in effect.

9. This Agreement shall be construed in accordance with the laws of the State of New York without giving effect to principles of conflicts of law.

10. Any notices or communications required to be given by either party hereunder shall be in writing and shall be sent by certified mail, return receipt requested, by priority mail with electronic confirmation of delivery, or by facsimile transmission to the party receiving such communication at the address or fax number specified below:

> If to Defendants:        Anthony G. Mango, Esq.
>                          Mango & Iacoviello, LLP
>                          14 Penn Plaza, Suite 1919
>                          New York, New York 10122
>                          Tel: (212) 695-5454
>
> If to Plaintiff:         Sara Isaacson, Esq.
>                          Michael Faillace & Associates, P.C.
>                          60 East 42nd Street, Suite 4510,
>                          New York, NY 10165
>                          Tel: (212) 317-1200
>                          Fax: (212) 317-1620

10. This Agreement may be executed in counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. The parties further agree that a faxed or scanned signature shall have the same force and effect as an original signature.

D & D THAI RESTAURANT CORP.

By: _____          _____

{ADD WHO IS SIGNING}.

_____
Honorio Candia Librado

_____
Jose Luis Basurto Milan

David Noi Bank

_____
Joel Garcia Valente

_____
Honório Candia Librado

_____
Jose Luis Basurto Milan

David Noi Bank

_____
Joel Garcia Valente